IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JENNA GARRETT                                                                                              PLAINTIFF

    v.                     Civil No. 2:20-cv-02208-MEF

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                                    DEFENDANT

**<u>MEMORANDUM OPINION AND ORDER</u>**

      Pending now before this Court is Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 23, 24). On August 11, 2021, Plaintiff filed said motion, requesting $4,772.50, representing: a total of 2.40 attorney hours for work performed in 2020, at an hourly rate of $202.50; 19.30 attorney hours in 2021, at a rate of $205.00 per hour; and 4.40 paralegal hours, at an hourly rate of $75.00. (ECF No. 23-2). On August 25, 2021, the Commissioner filed a response objecting to a number of the hours requested. (ECF No. 25).

      **I.**    **Discussion**

      It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney time and hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

before the district court is reasonable with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

The Commissioner argues that the Plaintiff is not entitled to all the attorney hours she has requested for work performed prior to the filing of the Complaint. We disagree. An attorney is expected to be familiar with his case prior to filing a complaint in federal court. Even if he has represented the client at the administrative level, this will require him to review notes from the administrative proceedings, communicate with his client regarding the appellate process, determine whether his client is a candidate for in forma pauperis, and prepare the complaint and in forma pauperis application for filing with the court. Therefore, we find the 2.00 attorney hours and 1.00 paralegal hour expended prior to and in conjunction with the preparation of the initial pleadings in this case to be reasonable.

The Commissioner also objects to a total of .30 attorney hours requested for receipt and review of the signed green cards evidencing perfected service, .10 attorney hours for receiving and reviewing the scheduling order, and .90 paralegal hours for preparing the Affidavits of Service.

We agree that the time requested for these tasks is excessive. Accordingly, the award will be reduced by .20 attorney hours and .65 paralegal hours.

Additionally, the Commissioner objects to the 1.00 attorney hours and 2.00 paralegal hours requested for preparing the EAJA Motion and its supporting documents. Counsel's request does not exceed the time this Court generally awards for these tasks and does require some legal expertise. Therefore, we find this time to be both reasonable and compensable under the EAJA.

Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,683.13 ($455.63 (2.25 X $202.50) + $3,946.25 (19.25 X $205.00) + $281.25 (3.75 X $75.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$4,683.13** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 26th day of August 2021.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE